José Ruiz de Val, Petitioner and Appellee, *v.* Lucía Morales Riefkohl, Respondent and Appellant.

No. 4983.   Argued March 7, 1930.—Decided March 31, 1930.

*E. H. F. Dottin,* for appellant.   *C. Coll y Cuchí,* for appellee.

Mr. Justice Wolf delivered the opinion of the court.

At the hearing of this case and in the brief of the appel-

lant, matters were asserted that do not appear in the evidence submitted to the court below to meet the issues raised by a payment into court with the accompanying petition (*consignación*) and an opposition.

What the record does reveal is that the parties had a controversy over a sum of money; that Ruiz de Val, the appellee, offered to pay appellant the sum of $2,020, which she refused to accept. Hence the deposit in court.

It was agreed that the appellant in opposing the consignation had the burden of proving that she was not bound to accept the deposit. This she attempted to do. Her principal witness, it may be said, was Ruiz de Val. At the termination of the testimony the attorney for the appellant arose in court to say that he, signifying thereby his client, agreed that the consignation or deposit had been properly made. Appellant asked, however, that she be not mulcted in attorney's fees. The court with the evidence before it, nevertheless awarded attorney's fees. The appeal involves this award.

We have several times decided that when the opposite party is called to testify, his general credibility is vouched for. A witness so called may of course be contradicted in the manner set forth in sections 158 and 159 of the Law of Evidence. Not only was no such contradiction attempted, but the record reveals no impeachment of any kind.

Briefly, the appellee was the attorney for the appellant. To him for investment she turned over the sum of $2,000. Ruiz de Val in an interview or interviews with his client told her that the proposed mortgagor would not execute a mortgage; that the said owner wanted to sell the land; negotiations were pending but meanwhile, according to the witness Ruiz de Val, the appellant suggested that he take the money and pay interest on it. This he did.

It also transpired that when a loan was originally proposed, the appellant signed a mortgage deed in blank for execution by the said proposed mortgagor. The appellant thought this paper involved an investment for two years.

When the said paper was produced at the trial, it showed that the period agreed upon was only one year.

The principal theory of the appellant as revealed by the pleading was that Ruiz de Val as her attorney, took money for an investment for two years and she was entitled to such investment and to payment of interest for two years. The evidence reveals no deceit on the part of Ruiz de Val.

The District Court of San Juan, as the record discloses, was fully urged to use its discretion in favor of appellant. Very presumably the court believed that Ruiz de Val had done everything in his power to relieve himself of the obligation of $2,000 turned over to him by his client. Duly advised by counsel appellant said that the deposit was duly made. Only by argument does it appear that appellant would have accepted the deposit, if the disputed mortgage deed had been presented to her. We can find no abuse of discretion. In a proceeding of this kind costs are awarded as a matter of course under section 1147 of the Civil Code.

A doubt arose in our minds whether an order in a petition of consignation is appealable. It was suggested that when there is an opposition, the proceeding is similar to an intervention. There is also some slight similarity to an interpleader in equity where there are rival claimants to the same funds in the hands of an agent and he pays them into court. In any event there was an adversary proceeding in which a final judgment arose. The case therefore is within the rule, the exception to which was noted in the case of *In re Montalvo*, decided today, *post*, p. 752.

We have also had some question whether this was the kind of an adversary proceeding contemplating the award of attorney's fees. The reasoning by which we arrived at a conclusion that the case was appealable is similarly applicable to the award of attorney's fees.

The order or judgment appealed from will be affirmed.